UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT MIRMINA, | : | CASE NO. 3:16-cv-00614-AWT |
| Plaintiff | : | |
| v. | : | |
| GENPACT, LLC, | : | |
| Defendant | : | JUNE 1, 2017 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL**

Plaintiff, Scott Mirmina ("Plaintiff"), hereby submits this Reply in further support of his Motion to Compel Defendant, Genpact, LLC ("Genpact" or "Defendant"), to fully and completely respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Defendant's Opposition thereto was filed on May 22, 2017.

**I.  BACKGROUND**

The facts in this case have been well-briefed before the Court, so Plaintiff will not reiterate them here. Plaintiff will, however, note for the Court that Defendant's recitation of the facts in its Opposition fails to mention several things. First, even though Defendant claims that its concerns about Plaintiff's work performance began in 2012 (Defendant's Opposition, p. 2), it was during that same time period that Defendant hired Plaintiff, who had been an independent contractor, as a full-time employee – which is a curious move to make if one has concerns about an employee's ability to fulfill his job duties.

1

Second, Defendant conveniently omits the fact that Sarika Saxena showed clear preferences for working with younger women of Asian Indian descent – three things that Plaintiff certainly was not. Saxena's hostile behavior toward Plaintiff included inappropriate comments to him during group phone calls, demeaning comments designed to discredit and humiliate him, and unfounded accusations against Plaintiff that he did not work hard enough. Moreover, Saxena's hostile behavior toward Plaintiff occurred in group settings and on conference calls, thus impugning Plaintiff's reputation in front of his fellow employees. Defendant's attempts to characterize Saxena's behavior as legitimately managerial are unpersuasive, particularly as in their own submissions to this Court they mockingly accuse Plaintiff of "playing the discrimination card" (Defendant's Opposition, p. 6).

Defendant also conveniently omits that the HR Manager, Sarah Carpenter, who had the responsibility to address discrimination and harassment outright ignored Plaintiff's complaints regarding Saxena's defamatory remarks which included accusations that Plaintiff worked only 15 hours per week. Ms. Carpenter had difficulty at her deposition explaining why she ignored Plaintiff's concerns.

## II. SPECIFIC REQUESTS FOR PRODUCTION

Given Defendant's supplemental production on May 8, 2017, the following Requests for Production have not been resolved:

### Requests for Production Nos. 4, 7, and 14

**Request for Production No. 4:** Please produce any and all documents referring to or regarding Plaintiff in any manner.
**Response:** Defendant objects to this request on the ground that it is unconfined by subject matter, so as to be essentially unbounded in scope, and therefore necessarily encompasses documents that are neither relevant nor proportional to the needs of the case. In addition, defendant objects to this request as unduly burdensome given the incredible effort required in order to unearth every single document that may make some reference, or pertain in some way, to plaintiff.

**Request for Production No. 7:** Please produce all documents which relate to, concern or reflect the decision to terminate Plaintiff's employment with Defendant.
**Response**: Responsive documents were produced by defendant pursuant to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

**Request for Production No. 14:** Please produce all documents, including but not limited to emails, sent by or to Sarika Saxena and/or by or to Greg Meyers, which concern, refer to, or relate to Plaintiff.
**Response:** Defendant objects to this request on the ground that it is unconfined by subject matter, so as to be essentially unbounded in scope, and therefore necessarily encompasses documents that are neither relevant nor proportional to the needs of the case.

Defendant's argument in its Opposition that the requests are overly broad and not limited in time is without merit. Request for Production No. 7 requests documents, including email communications, which reflect the decision to terminate Plaintiff's employment. This time period would necessarily be at the most 3 to 4 months. If the Defendant's position is that the termination had been contemplated and that communications occurred over a longer period of time, Defendant certainly has not identified any such period of time. As for Production Request No. 14, Ms. Saxena began actively supervising Plaintiff during 2014. Plaintiff's termination date occurred in April 2015. Thus, Request No. 4 only covers a limited amount of time. The Request for email communications only involves two custodians. Thus, the claim that this request is overly broad and not limited in time and scope is also without merit.

As for Production Request No. 4, Plaintiff's counsel is willing to work with Defendant to identify custodians who would have relevant email communications (i.e. Sarah Carpenter) and limit such communications from 2014 and up to April, 2015, when Plaintiff was terminated. Plaintiff requests that the Court order Defendant to work with Plaintiff's counsel to identify mutually agreeable search terms and custodians for the relevant time period for a comprehensive and complete email search. At this point, Plaintiff has no information as to what Defendant has done, if anything, to find responsive documents, and in particular, email communications.

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and order Defendant to fully and completely respond to Plaintiff's Request for Production of Documents Nos. 4, 7, and 14, and grant such other and further relief that this Court deems just and proper.

                                              PLAINTIFF

By:   /s/ Heena Kapadia 11869
        Heena Kapadia (ct11869)
        Law Office of Heena Kapadia
        2750 Whitney Avenue
        Hamden, CT 06518
        Phone: 203-288-8006
        Fax:    203-281-7887
        *hkapadia@heenakapadialaw.com*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 1, 2017, a copy of the foregoing Reply in Support of Plaintiff's Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                   <u>/s/ Heena Kapadia 11869</u>
                                                   Heena Kapadia