UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
SCOTT MIRMINA,                                :
                                              :   CASE NO. 3:16-cv-00614-AWT
         Plaintiff,                           :
                                              :
v.                                            :
                                              :
GENPACT, LLC,                                 :
                                              :
         Defendant.                           :   JUNE 2, 2017
_____ :

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO COMPEL**

By Order dated May 9, 2017 [Doc. No. 43], the Court (Merriam, MJ) established a briefing schedule for the motion to compel filed by plaintiff Scott Mirmina ("plaintiff") five days earlier, on May 4, 2017. The Order directs defendant Genpact, LLC ("defendant" or "Genpact") to file opposition papers no later than May 22, 2017 and sets a May 25, 2017 deadline for plaintiff to file any reply. Defendant timely filed an opposition brief—explaining that plaintiff's motion was largely obviated by defendant's supplementation of its discovery responses and otherwise unfounded [Doc. No. 48]—to which plaintiff replied [Doc. No. 50], albeit not until June 1, 2017, a week after the Court-imposed deadline.[1] The Court should strike plaintiff's late-filed reply brief as non-compliant with the briefing schedule's clear mandate.

"This Court has the authority to manage its docket by, among other things, setting and enforcing deadlines." Knox v. United States, No. 3:12cv01741, 2016 WL 1257802, at *2 (D.

---

[1] Plaintiff's reply focuses solely on three document requests—one that defendant has fully complied with and two that are overly broad catch-all demands—thereby confirming that the lion's share of the discovery requests forming the basis of plaintiff's motion to compel are no longer in dispute. Clearly, then, had plaintiff fully engaged in the meet and confer process required by Fed. R. Civ. P. 37(a)(1), and allowed that process to play out, the scope of the instant motion would have been dramatically curtailed.

Conn. Mar. 30, 2016)(Merriam, MJ).  Even *pro se* litigants are not "absolve[d] … from the obligation to comply with the requirements of court orders issued."  Green v. Avis Budget Group, Inc., No. 11-CV-00269, 2017 WL 35452, at *10 (W.D.N.Y. Jan. 4, 2017).  Deadlines are only subject to extension upon a showing of "good cause" either "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1).  Here, plaintiff simply filed a late reply on June 1, 2017 without moving for an extension of the May 25, 2017 deadline in accordance with Fed. R. Civ. P. 6(b)(1)(B).  To be sure, though, even if the belated pleading was accompanied by a motion to extend the deadline there is no indication plaintiff is capable of making the requisite showing of "good cause" and "excusable neglect."

As to the "good cause" requirement, generally speaking, "while a court 'may consider' prejudice (or lack thereof) in deciding whether the 'good cause' standard has been met, the Second Circuit has emphasized that 'the *primary* consideration is whether the moving party can demonstrate diligence.'  That makes sense, as the 'good cause' standard is intended not only to ensure fairness to both sides, but also to ensure that district courts can effectively manage their dockets and prevent undue delays in the disposition of cases. Put simply, deadlines matter … To allow [plaintiff] to serve [and file his reply brief a week late] would suggest to the parties in this litigation that the Court's deadlines are merely hortatory or aspirational and not real deadlines." In re: General Motors LLC, No. 14-MD-2543, 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016)(emphasis in original).  But the deadline set by the Court is real, and plaintiff offers no justification for allowing it to pass, let alone has he shown the requisite diligent effort to comply.

Although under Fed. R. Civ. P. 6(b)(1), where "good cause" exists "'District Courts may grant extensions of time in purely procedural matters upon a showing of 'excusable neglect,'" Laboy v. Ontario County, N.Y., 56 F. Supp. 3d 255, 258 (W.D.N.Y. 2014), plaintiff makes no showing along those lines either.  "'Excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'  Rather, it may encompass delays 'caused by inadvertence, mistake or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and the movant's excuse has some merit.'"  Id.  Here, of course, plaintiff has offered no excuse whatsoever for the untimely filing.  Needless to say, "excusable neglect" cannot be predicated on no excuse at all.

Because plaintiff's reply brief in further support of his motion to compel was filed after the deadline set by the Court, and no extension was either sought or justified by "good cause" and "excusable neglect," defendant's motion to strike the belated filing should be granted.

        Respectfully submitted,

        DEFENDANT,
        GENPACT, LLC

        By:__/s/Lawrence Peikes_____
            Lawrence Peikes (ct07913)
            lpeikes@wiggin.com
            Christine S. Wachter (ct29164)
            cwachter@wiggin.com
            WIGGIN AND DANA LLP
            Its Attorneys
            Two Stamford Plaza
            281 Tresser Boulevard
            Stamford, CT 06901
            (203) 363-7600
            (203) 363-7676 (fax)

**CERTIFICATE OF SERVICE**

      This is to certify that on the 2nd day of June, 2017, a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Strike Plaintiff's Reply to Defendant's Opposition to Motion to Compel was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

           /s/Lawrence Peikes
           Lawrence Peikes (ct07913)

18061\412\3695279.v1