## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

`

| | | |
|---|---|---|
| SCOTT MIRMINA, | : | CASE NO. 3:16-cv-00614-AWT |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| GENPACT, LLC, | : | |
| | : | |
| Defendant | : | JUNE 5, 2017 |
| | : | |
| _____ | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff, Scott Mirmina ("Plaintiff"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Strike. Defendant argues that the Court should ignore information regarding its non-compliance with Plaintiff's discovery requests because Plaintiff inadvertently followed the ten day deadline for a reply brief that is dictated by the Federal Rules of Civil Procedure rather than the three day deadline that had been ordered by the Court. The Defendant claims that the reason for this is that Plaintiff cannot establish "good cause" for not following the Court's Order requiring the Reply brief to be filed within three days. The explanation for the delay is that Plaintiff's counsel's calendar reflected the response date as June 1, 2017, which is ten days from the Defendant's submission of the Opposition to the Motion to Compel. Due to an administrative error, the date for the Reply ordered by the Court was not calendared. The mistake was inadvertent. *McKissick v. Three Deer Ass'n Ltd. Partnership*, 265 F.R.D. 55 (D.Conn., 2010) (court found administrative error excuse by Defendant's counsel sufficient to establish good cause).

Plaintiff served the discovery requests at issue on December 6, 2016. Plaintiff waited to file the Motion to Compel because of repeated assurances from Defendant, through its attorneys, beginning in March, 2017 that supplemental compliance would occur. Plaintiff was scheduled to depose Defendant's representative, Sarah Carpenter, on May 18th. Two days prior to that on May 16 Defendant supplemented the discovery response. This is not exactly acting in good faith in the discovery process. Defendant forced Plaintiff to incur the unnecessary expense of a filing a Motion to Compel. Defendant deliberately delayed the disclosure to interfere with Plaintiff's preparation of the deposition of Ms. Carpenter. Now, Defendant claims that Plaintiff's inadvertent mistake on the scheduling of a deadline for the Reply should result in the Court not fully knowing the circumstances of Defendant's lack of compliance with discovery.

While the Plaintiff made a mistake in not following the Court's deadline for the Reply, because the Court has not rendered a decision on Plaintiff's Motion to Compel, there is no prejudice caused by the late filing. Accordingly, the Plaintiff requests that the Court deny the Defendant's Motion to Strike.

PLAINTIFF

By:     /s/ Heena Kapadia 11869
        Heena Kapadia (ct11869)
        Law Office of Heena Kapadia
        2750 Whitney Avenue
        Hamden, CT 06518
        Phone: 203-288-8006
        Fax:     203-281-7887
        hkapadia@heenakapadialaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2017, a copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  /s/ Heena Kapadia 11869
Heena Kapadia