UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
SCOTT MIRMINA,                       :
                                     :   CASE NO. 3:16-cv-00614-AWT
            Plaintiff,               :
                                     :
v.                                   :
                                     :
GENPACT, LLC,                        :
                                     :
            Defendant.               :   JUNE 8, 2017
_____ :

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
LATE-FILED REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL**

Seeking the Court's indulgence for his belated filing of a reply brief, plaintiff Scott Mirmina ("plaintiff") cavalierly chalks up the blown deadline to "an administrative error." But the "administrative error" label does not act as some sort of talisman absolving counsel of responsibility for failing to meet clearly articulated court-ordered briefing deadlines. See Brady v. Associated Press Telecom, No. 16-CV-2693, 2016 WL 6561411, at *3 (S.D.N.Y. Oct 4, 2016)(declining to overlook failure to timely file responsive pleading where defendant "fail[ed] to identify the 'administrative error' or provide any details that would aid the Court in understanding the circumstances leading to the alleged administrative error").

On the contrary, "case deadlines are mandatory; and extensions will generally not be granted on the basis of inadvertence." Lopez v. Burris Logistics Co., No. 3:12cv1039, 2013 WL 5962100, at *4 (D. Conn. Nov. 6, 2013). Far from suggesting otherwise, the lone case cited by plaintiff, McKissick v. Three Deer Ass'n Ltd. Partnership, 265 F.R.D. 55 (D. Conn. 2010), is entirely off point. That case concerned untimely discovery objections ostensibly occasioned by an "administrative error," not a late court filing in contravention of a judicial order. In McKissick,

the Court determined "that the delay of approximately one month is not sufficiently substantial as to justify the waiver of the defendant's objections, particularly in the absence of any deliberately evasive conduct by the defendants." Id. at 57.  Court-mandated deadlines for filing motion papers are not so readily overlooked.  Fed. R. Civ. P. 6(b)(1).

Plaintiff's proffered explanation for the delay—*to wit*, that "counsel's calendar reflected the response date as June 1, 2017, which is ten days from the Defendant's submission of the Opposition to the Motion to Compel"—is hardly compelling and at best depicts "inadvertence." To begin with, under this Court's Local Civil Rules, reply briefs are due fourteen (14) days after opposition papers are filed, D. Conn. L. Civ. R. 7(d), so it is a mystery where plaintiff came up with the ten-day timeframe.  More importantly, the Court (Merriam, MJ) issued a crystal clear Order directing defendant Genpact, LLC ("defendant" or "Genpact") to file opposition papers no later than May 22, 2017 with any reply to be submitted by May 25, 2017.  [Doc. No. 43].  There was nothing remotely ambiguous about the Court's directive.  Giving plaintiff the benefit of the doubt this means counsel simply didn't read the Order (as opposed to ignoring it), but the "failure to take note of deadlines and negligence in general do not constitute 'good cause' for an extension of case deadlines." Id. at *3.

In an effort to deflect attention from his own inexcusable neglect and defiance of a Court-ordered deadline, plaintiff tries turning the tables by accusing defendant of "not exactly acting in good faith in the discovery process."  This of course has nothing whatsoever to do with the matter at hand.  Even were it so that defendant was derelict in its discovery responsibilities, this would not justify plaintiff's late filing of a reply brief.  To be clear, though, defendant has displayed the utmost "good faith" throughout the discovery process, a point plaintiff implicitly concedes by not so much as beginning to suggest otherwise in his motion to compel.  (See Kapadia Aff. [Doc. No.

41-2] ¶¶ 4-6)(acknowledging that defendant's discovery objections were the subject of discussion between counsel that did not, to that point, culminate in a resolution but offering no indication that defendant operated in less than good faith during the meet and confer process).

The affidavit of counsel submitted herewith vividly illustrates the utter frivolity of plaintiff's *post hoc* accusation of bad faith. Plaintiff only first took issue with defendant's objections to his interrogatories and document requests some two months after the responses were served. When plaintiff did get around to raising his concerns, defendant responded immediately, within hours. (Peikes Aff. ¶¶ 4-5, Exh's A, B). From there counsel negotiated the terms of a protective order and worked out a compromise as to certain of defendant's objections, resulting in a commitment by defendant to serve supplemental responses. (Peikes Aff. ¶¶ 6-7, Exh's C, D). Defendant honored this commitment on May 8, 2017, thereby obviating the lion's share of the issues raised by plaintiff in the motion to compel he inexplicably filed a few days earlier, notwithstanding defendant's repeated assurances that supplemental responses were forthcoming. (Peikes Aff. ¶¶ 8-10, Exh's E, F, G).

Paradoxically, and troublingly, in his zeal to cast defendant in a negative light, plaintiff misleadingly suggests to the Court that defendant's supplemental discovery responses were not served until May 16, 2017, two days before the deposition of Sarah Walker-Carpenter, and brazenly accuses defendant of "deliberately delay[ing] the disclosure to interfere with Plaintiff's preparation of the deposition of Ms. Walker-Carpenter." However, in an e-mail dated May 5, 2017, plaintiff asked only that defendant supplement its responses some time prior to Ms. Walker-Carpenter's May 18th deposition. (Peikes Aff. ¶ 9, Exh. F). Defendant did exactly as plaintiff asked by serving the supplemental responses as promised on the ensuing Monday, May 8, 2017. (Peikes Aff. ¶ 10, Exh. G). To be sure, defendant further supplemented its production on May 16,

2017 by turning over a few pages of notes prepared by Ms. Walker-Carpenter in connection with her investigation into a complaint plaintiff registered regarding his manager, Sarika Saxena. The notes were produced immediately upon counsel's discovery of their existence, not as a means of sabotaging counsel's efforts to prepare for a deposition that was still two days away. (Peikes Aff. ¶ 11, Exh. H). For plaintiff to suggest there was something untoward going on is truly beyond the pale.

      The bottom line is that plaintiff filed his reply brief a week past the Court-imposed deadline without judicial authorization and without legitimate justification. Plaintiff's misguided finger-pointing at defendant does not alter this reality. Compliance with filing deadlines set by the Court are not optional. Accordingly, the Court should strike plaintiff's late-filed reply brief in further support of his motion to compel.

                                           Respectfully submitted,

                                           DEFENDANT,
                                           GENPACT, LLC

                                           By:  /s/Lawrence Peikes_____
                                                  Lawrence Peikes (ct07913)
                                                  lpeikes@wiggin.com
                                                  Christine S. Wachter (ct29164)
                                                  cwachter@wiggin.com
                                                  WIGGIN AND DANA LLP
                                                  Its Attorneys
                                                  Two Stamford Plaza
                                                  281 Tresser Boulevard
                                                  Stamford, CT 06901
                                                  (203) 363-7600
                                                  (203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of June, 2017, a copy of the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Strike Plaintiff's Late-Filed Reply to Defendant's Opposition to Motion to Compel was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/Lawrence Peikes
                                                  Lawrence Peikes (ct07913)

18061\412\3698437.v1