UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
SCOTT MIRMINA                 :   Civil No. 3:16CV00614(AWT)
                              :
v.                            :
                              :
GENPACT LLC                   :   June 13, 2017
                              :
------------------------------x

# RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #41] AND DEFENDANT'S MOTION TO STRIKE [DOC. #51]

Pending before the Court is a Motion to Compel filed by plaintiff Scott Mirmina ("plaintiff") seeking additional responses to certain interrogatories and requests for production served by plaintiff. [Doc. #41]. Defendant Genpact LLC ("defendant") has filed a Memorandum in Opposition to plaintiff's motion. [Doc. #48]. Plaintiff has filed a reply. [Doc. #50]. Defendant has also filed a Motion to Strike plaintiff's reply as untimely. [Doc. #51]. Plaintiff has filed a Memorandum in Opposition to defendant's motion, [Doc. #53], and defendant has filed a reply. [Doc. #55]. For the reasons set forth herein, the Court **DENIES, in part,** plaintiff's Motion to Compel [**Doc. #41**], and **DENIES** defendant's Motion to Strike [**Doc. #51**].

I.  **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

**II. Discussion**

On May 4, 2017, plaintiff filed the instant Motion to Compel. [Doc. #41]. Plaintiff's motion seeks supplemental interrogatory responses and additional production of documents in response to plaintiff's First Set of Interrogatories and Requests for Production.[1] See Doc. #41. Plaintiff specifically

---

[1] Plaintiff does not attach his original discovery requests to his Motion to Compel, nor does plaintiff's Motion to Compel indicate when the requests were served. Only in plaintiff's opposition to defendant's Motion to Strike does plaintiff state that the requests were served on December 6, 2016. See Doc. #53 at 2. Defendant attests that it timely responded to plaintiff's requests on January 5, 2017. See Doc. #48 at 6. Counsel for plaintiff certifies that discussions to resolve the disputes at issue commenced on March 16, 2017. See id. at 1. The Court notes that plaintiff waited over two months to confer with opposing counsel regarding this discovery, and then waited until the eve of the May 30, 2017, discovery deadline -- four months after the receipt of defendant's responses -- to bring this discovery

moves to compel additional responses to Interrogatories 9, 10, 11, 12, 13, and 14; and to Requests for Production 4, 7, 8, 9, 10, 11, 13, and 14. See Doc. #41-1 at 1.

On May 8, 2017, Judge Alvin W. Thompson referred plaintiff's Motion to Compel to the undersigned. [Doc. #42]. On May 9, 2017, the undersigned issued an Order requiring any response to plaintiff's Motion to Compel to be filed on or before May 22, 2017, and for reply briefing, if any, to be filed on or before May 25, 2017. See Doc. #43. On May 22, 2017, defendant filed a response to plaintiff's Motion to Compel. [Doc. #48]. Defendant contends that on May 8, 2017, it served supplemental written responses and produced additional documents in response to plaintiff's requests, thereby obviating much of the dispute before the Court. See Doc. #48 at 1.

On June 1, 2017, plaintiff filed a reply, indicating that, of the interrogatories and requests for production discussed in his original motion, only three requests for production remain at issue. See Doc. #50 at 2-3. All other disputes had been resolved. On June 2, 2017, defendant filed a Motion to Strike plaintiff's reply, arguing that the Court should not consider the reply as it was filed late. See Doc. #52 at 1-3. On June 5, 2017, plaintiff filed an opposition to defendant's Motion to

---

dispute to the Court's attention. The reason for these delays is not apparent.

Strike, arguing, inter alia, that good cause exists for the untimely filing. See Doc. #53 at 1. On June 8, 2017, defendant submitted a reply. See Doc. #55. The Court will address the requests for production still at issue, as grouped by plaintiff, but will first address defendant's pending Motion to Strike plaintiff's reply.

A.   **Defendant's Motion to Strike Plaintiff's Reply**

Defendant has moved to strike plaintiff's reply, arguing that plaintiff filed the reply beyond the Court-imposed deadline of May 25, 2017. See Doc. #52 at 1. Defendant argues that plaintiff has provided no justification for filing the reply late, and sought no extension of the deadline. See id. at 2-4. Thus, defendant argues, the Court should not consider plaintiff's reply. See id. Plaintiff opposes defendant's motion, arguing that counsel simply committed an administrative error in calendaring the deadline incorrectly, and thus good cause exists for the untimely filing. See Doc. #53 at 1. Plaintiff also argues that no prejudice resulted from the delay. See id. at 2.[2]

---

[2] Plaintiff's response to defendant's motion also makes an additional argument regarding the timing of plaintiff's requests, defendant's supplemental responses, and the parties' meet-and-confer process. See Doc. #53 at 2. Counsel for plaintiff accuses counsel for defendant of "not exactly acting in good faith in the discovery process" and "deliberately delay[ing]" the supplemental disclosure. Doc. #53 at 2. Counsel for defendant vehemently denies these inflammatory accusations in its reply and attaches correspondence between the two attorneys to evince his good faith dealings throughout the

Plaintiff's reply to the Motion to Compel was filed one week late, without a request for an extension. The Court agrees with defendant that deadlines are important; indeed, the Court expended resources in connection with considering and drafting a ruling resolving a number of discovery requests it believed were still at issue, before receiving belated indication that such a ruling was not necessary, from plaintiff's reply.

However, the Court finds no compelling reason to strike plaintiff's reply. In large part, plaintiff's reply serves to confirm that much of the discovery dispute before the Court was resolved to plaintiff's satisfaction while his motion was pending. See Doc. #50 at 1. While plaintiff does bring some factual disagreements to the Court's attention, the reply raises no new substantive arguments as to the specific requests still at issue. Instead, it offers further limitations on their scope. The Court does not see any prejudice that would result from consideration of plaintiff's representations as to the narrowing

---

discovery process. See generally Doc. ##55, 56. The Court notes that plaintiff's arguments regarding timing were not raised in plaintiff's Motion to Compel, nor in his reply. Certainly, this information is not relevant to the Motion to Strike, where the Court is asked to determine only whether plaintiff's (admittedly) late reply should be considered. The Court requests that counsel refrain, in the future, from this sort of discourse, as it is not helpful to the Court and not pertinent to the issues at hand.

of the requests at issue, and defendant does not raise any argument in this regard.

Accordingly, defendant's Motion to Strike [**Doc. #51**] is **DENIED**.

    **B.**    **Requests for Production 4; 7; and 14**

**Request for Production 4**: Please produce any and all documents referring to or regarding Plaintiff in any manner.

**Request for Production 7**: Please produce all documents which relate to, concern or reflect the decision to terminate Plaintiff's employment with Defendant.

**Request for Production 14**: Please produce all documents, including but not limited to emails, sent by or to Sarika Saxena and/or by or to Greg Meyers, which concern, refer to, or relate to Plaintiff.

Doc. #41-3 at 10, 11, 13.[3] Defendant objects to Requests for Production 4 and 14 on the grounds that they are overbroad, and that searching for any document that concerns, refers to, regards or relates to plaintiff in any way would be unduly burdensome. See Doc. #48 at 19. Defendant also argues that the requests fail to comport with Rule 34 of the Federal Rules of Civil Procedure, which requires that each request "describe with

---

[3] As noted above, plaintiff's original discovery requests are not attached to plaintiff's motion. However, each party attached Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated January 5, 2017, as an exhibit to its submission. See Doc. #41-3; Doc. #48-2. Defendant's January 5, 2017, Response contains plaintiff's requests, and defendant's response to each. The Court will therefore rely on defendant's Response to assess each of plaintiff's requests.

reasonable particularity each item or category of items to be inspected[.]" Fed. R. Civ. P. 34(b)(1)(A). Finally, defendant argues that these two requests "plainly fail the proportionality test[.]" Doc. #48 at 20. As to Request for Production 7, defendant represents that it has produced all responsive documents. See id.

Plaintiff argues that the information sought by these three requests for production is relevant and is "anticipated to provide explicit evidence of exactly who said what, when and to whom concerning Plaintiff's work and the circumstances and events that led to his termination." Doc. #41-1 at 15. In reply, plaintiff states that the relevant timeframe for Requests 4 and 14 would be from 2014 to April 2015. See Doc. #50 at 3. Plaintiff further states that he is willing to cooperate with defendant to narrow the scope of Request 4, and asks that defendant be required to "work with Plaintiff's counsel to identify mutually agreeable search terms and custodians for the relevant time period for a comprehensive and complete email search." Doc. #50 at 3; see also Doc. #41-1 at 16.

The Court agrees with the defendant that Requests for Production 4 and 14 are overbroad, as originally framed. The requests are unlimited in subject matter and in time, and therefore would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter. See

Franzon v. Massena Mem'l Hosp., 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding a request that seeks "'any and all documents' and provides no meaningful limitations" is overbroad); Badr v. Liberty Mut. Grp., Inc., No. 3:06CV1208(AHN), 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (same, as it pertains to a subpoena). Further, the requests do not comply with Rule 34, in that they do not "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). See Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 60 (D.N.J. 1985) (finding a request for all documents that "refer or relate" to plaintiff too "broad and ambiguous to meet the 'reasonable particularity' standard of Rule 34," because all documents possessed by plaintiff's employer "could conceivably 'refer or relate' to plaintiff's employment"). Accordingly, plaintiff's Motion to Compel supplemental responses to Requests for Production 4 and 14 is **DENIED**.

The Court notes, however, that this case is subject to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"), see Doc. #5,[4]

---

[4] The Court's order requires that if the parties believe the Protocols do not apply in a given case, a form be filed to that effect. See Doc. #5. No such form was filed in this case, so the Court assumes the parties are in agreement that the Protocols apply.

which require that defendant produce to plaintiff, among other things:

> a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
>   i. the plaintiff and the defendant, and
>   ii. the plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).
> ....
> d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.
> e. The plaintiff's performance evaluations and formal discipline.
> f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.
> ....
> l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

D. Conn. L. R., Disc. Protocols IV(2).[5]

The requirements of the Protocols sufficiently address the <u>relevant</u> discovery plaintiff seeks by Requests 4 and 14, but are more appropriately tailored to the claims at issue. Accordingly, to the extent that defendant has not provided the materials

---

[5] Available at ctd.uscourts.gov/sites/default/files/forms/discoveryProtoc.pdf

required by the Initial Discovery Protocols, including the materials described above, defendant shall do so **immediately**.[6]

Finally, defendant asserts that it has produced all responsive documents to Request for Production 7. The representation by counsel for the defendant that all documents have been produced in response to Request for Production 7 constitutes an "answer" which, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requires a signature under oath by defendant. See Napolitano v. Synthes USA, LLC, 297 F.R.D. 194, 200 (D. Conn. 2014) (supplemental response to request for production, which stated that all documents had been produced, was "an answer" that required attestation). Accordingly, on or before **June 21, 2017**, defendant shall provide a sworn verification of this response.

---

[6] The parties should have come to an agreement concerning electronically stored information ("ESI") search terms and custodians long ago. On August 23, 2016, the parties asserted in their Report of the Parties' 26(f) Planning Meeting that they had "discussed the disclosure and preservation of electronically stored information, including, but not limited to ... search terms to be applied in connection with the retrieval and production of such information, [and] the location and format of electronically stored information, appropriate steps to preserve electronically stored information[.]" Doc. #12 at 6. This issue, thus, should be closed. Nevertheless, the Court is confident that any remaining issues regarding ESI can be resolved between the parties as "the best solution in the entire area of electronic discovery is cooperation among counsel." William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co., 256 F.R.D. 134, 136 (S.D.N.Y. 2009).

**III. Conclusion**

For the reasons set forth above, the Court **DENIES, in part,** plaintiff's Motion to Compel. [**Doc. #41**].

Plaintiff's Motion to Compel a supplemental response to Requests for Production 4 and 14 is **DENIED, except to the extent it requests materials described in the Initial Discovery Protocols that have not yet been disclosed.**

Plaintiff's Motion to Compel a supplemental response to Interrogatories 9, 10, 11, 12, 13, and 14; and to Requests for Production 8, 9, 10, 11, and 13 is **DENIED as moot.** Defendant shall provide a sworn verification of its supplemental response to Request for Production 7 **on or before June 21, 2017.**

To the extent that defendant has not complied in full with the Initial Discovery Protocols, it shall do so **immediately, and in any event no later than June 21, 2017.**

Defendant's Motion to Strike [**Doc. #51**] is **DENIED.**

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 13th day of June, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE