UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
SCOTT MIRMINA                :    Civil No. 3:16CV00614(AWT)
                             :
v.                           :
                             :
GENPACT LLC                  :    July 27, 2017
                             :
-----------------------------x
```

**RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #63]**

Plaintiff Scott Mirmina ("plaintiff") has filed a Motion to Compel seeking an order requiring Defendant Genpact LLC ("defendant") to conduct an additional search for electronically stored information ("ESI"). [Doc. #63]. Defendant has filed a Memorandum of Law in Opposition to plaintiff's motion. [Doc. #67]. For the reasons set forth below, plaintiff's motion is **DENIED.**

**I.   Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." <u>Cole v. Towers Perrin Forster & Crosby</u>, 256 F.R.D. 79, 80 (D. Conn. 2009).

## II. Discussion

On May 4, 2017, plaintiff filed a Motion to Compel additional responses to certain discovery requests. <u>See</u> Doc. #41. On June 13, 2017, this Court issued a Ruling denying plaintiff's motion, except to the extent the motion requested "materials described in the Initial Discovery Protocols that have not yet been disclosed." Doc. #58 at 11. The Court further required defendant to comply in full with the Initial Discovery Protocols immediately, to the extent it had not already done so. <u>See</u> <u>id.</u>

On July 14, 2017, plaintiff filed the instant motion. <u>See</u> Doc. #63. Plaintiff states that he "is concerned" that defendant has "withheld communications" that would be responsive to the Initial Discovery Protocols. Doc. #63-1 at 2. Plaintiff argues, in essence, that defendant's search for ESI was insufficient because counsel relied upon an employee directly involved in the underlying claims of the suit to search her own emails for responsive documents. <u>See</u> <u>id.</u> Plaintiff cites no case law in his supporting memorandum. <u>See</u> <u>id.</u> Defendant opposes plaintiff's motion, asserting that plaintiff's concerns are unfounded

because the search for responsive records was coordinated and
overseen by counsel. See generally Doc. #67. Defendant has
provided an affidavit of defendant's in-house counsel detailing
the steps that counsel took to ensure that a proper search for
ESI was conducted.

> A party's discovery obligations do not end with the
> implementation of a "litigation hold" — to the contrary,
> that's only the beginning. Counsel must oversee
> compliance with the litigation hold, monitoring the
> party's efforts to retain and produce the relevant
> documents. Proper communication between a party and her
> lawyer will ensure (1) that all relevant information (or
> at least all sources of relevant information) is
> discovered, (2) that relevant information is retained on
> a continuing basis; and (3) that relevant non-privileged
> material is produced to the opposing party.

Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 432 (S.D.N.Y.
2004). "Responsibility for adherence to the duty to preserve
lies not only with the parties but also, to a significant
extent, with their counsel." Electrified Discounters, Inc. v. MI
Techs., Inc., No. 3:13CV1332(RNC), 2015 WL 2383618, at *2 (D.
Conn. May 19, 2015) (quotation marks and citation omitted).

> Indeed, for the current "good faith" discovery system to
> function in the electronic age, attorneys and clients
> must work together to ensure that both understand how
> and where electronic documents, records and emails are
> maintained and to determine how best to locate, review,
> and produce responsive documents. Attorneys must take
> responsibility for ensuring that their clients conduct
> a comprehensive and appropriate document search.

Orbit One Commc'ns, Inc. v. Numerex Corp., 271 F.R.D. 429, 437-
38 (S.D.N.Y. 2010); see also Fed. R. Civ. P. 26(g) (requiring
that counsel make a "reasonable inquiry" prior to certifying

that a discovery response is "complete and correct as of the time it is made").

Defendant has described the steps that counsel took to coordinate and supervise the search for ESI in this matter. See Doc. #68 at 1-2. In-house counsel: (1) issued a timely and detailed litigation hold to potential custodians of ESI, directing the preservation of any records and documents that might pertain to plaintiff's claims; (2) gave instructions to the ESI custodians regarding searches and specific search parameters; (3) explained the importance of a thorough search to the ESI custodians; and (4) provided guidance when questions arose during the search. See id. In-house counsel affirms that he forwarded the results of the searches to outside counsel, who in turn conducted a review for processing and production. See id. Counsel for defendant has represented that a comprehensive search was conducted for all documents subject to production under the Initial Discovery Protocols, and all responsive documents have been disclosed. See Doc. #67 at 5; see also Doc. #63-3. Based on defendant's sworn representations, the Court is satisfied that proper steps were taken and that counsel has appropriately assumed responsibility for ensuring that a comprehensive search was conducted.

Plaintiff's concern that responsive emails have not been produced appears to be based on nothing but speculation. This is

insufficient to require defendant to conduct an additional search. See Lord v. Int'l Marine Ins. Servs., No. 3:08CV1299(JCH), 2013 WL 1136410, at *3 (D. Conn. Mar. 18, 2013) (denying a motion for discovery sanctions where the plaintiffs provided "no evidence other than mere conjecture that [defendant] has been less than fully forthcoming in its discovery response"); Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 435 (S.D.N.Y. 2011) (denying defendant's motion to compel, in part, because "defendant cannot simply rely on speculation that [plaintiff] is withholding documents" (citations omitted)); Rubinow v. Ingelheim, No. 3:08CV1697(VLB), 2010 WL 1882320, at *7 (D. Conn. May 10, 2010) (denying plaintiff's motion to compel, in part, where "Plaintiff is unable to articulate any particular reason why she believes that the Defendant is withholding responsive documents, apart from her counsel's speculation"); Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A., No. 09CV601(ADS)(AKT), 2009 WL 3757054, at *9 (E.D.N.Y. Nov. 9, 2009) (denying a motion to compel, in part, where "other than innuendo, Defendant has not provided any substantive evidence of Plaintiff's deliberately withholding such documents").

The Court accepts defense counsel's sworn representation that all responsive materials have been disclosed. See Miller v. Praxair, Inc., No. 3:05CV402(CFD), 2007 WL 1424316, at *5 (D.

Conn. May 10, 2007) ("The court accepts defense counsel's representation that it has searched for, and has been unable to locate [the discovery requested by plaintiff]."). Without any evidence to support plaintiff's contention that defendant has "deliberately or by neglect, withheld communications[,]" Doc. #63-1 at 2, the Court will not require defendant to conduct an additional search for ESI.

**III. CONCLUSION**

For the reasons set forth above, plaintiff's Motion to Compel is **DENIED**. [Doc. #63].

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 27th day of July, 2017.

_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
